IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LASHON GRADY<br>15711 Talford Avenue<br>Cleveland, Ohio 44128 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| HENKEL CORPORATION<br>18731 Cranwood Parkway<br>Cleveland, Ohio 44128 | )<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| HENKEL CORPORATION<br>One Henkel Way<br>Rocky Hill, Connecticut 06067 | )<br>)<br>)<br>) | |
| **Please Also Serve Statutory<br>Agent:**<br>Corporation Service Company<br>50 W. Broad St., Ste. 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| MATT KOKISH<br>787 Charles Street<br>Willowick, Ohio 44095 | )<br>)<br>)<br>) | |
| -and- | )<br>) | |
| SEAN SUCKERT<br>c/o Henkel Corporation<br>18731 Cranwood Parkway<br>Cleveland, Ohio 44128 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Lashon Grady, by and through undersigned counsel, as her Complaint against

Defendants, states and avers the following:



## PARTIES

1.  Grady is a resident of the city of Cleveland, County of Cuyahoga, State of Ohio.

2.  Henkel Corporation ("Henkel") is a foreign corporation that is licensed to conduct business in the county of Cuyahoga, state of Ohio.

3.  Henkel is licensed to conduct business in the state of Ohio with a business location at 18731 Cranwood Parkway, Cleveland, Ohio 44128.

4.  Defendant Matt Kokish is a resident of the state of Ohio.

5.  Kokish was, and, at all times hereinafter mentioned, a supervisor of Grady who acted directly or indirectly in the interest of Henkel.

6.  Kokish was employed in a supervisory capacity over Cameron.

7.  Kokish was, and at all times hereinafter mentioned, acting in the course and scope of his employment at FedEx.

8.  Kokish was an employer within the meaning of R.C. §4112.01(A)(2).

9.  Defendant Sean Sukert is a resident of the state of Ohio.

10. Sukert was, and, at all times hereinafter mentioned, a supervisor of Grady, who acted directly or indirectly in the interest of FedEx.

11. Sukert was employed in a supervisory capacity over Grady.

12. Sukert was, and at all times hereinafter mentioned, acting in the course and scope of his employment at Henkel.

13. Sukert was an employer within the meaning of R.C. §4112.01(A)(2).

14. All material events alleged in this Complaint occurred in Cuyahoga County.

The Employee's Attorney.™



## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Grady is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq*.

2. All material events alleged in this Complaint occurred in county of Cuyahoga.

3. This Court has supplemental jurisdiction over Grady's state law claims pursuant to 28 U.S.C. § 1367 as Grady's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Within 300 days of the conduct alleged below, Grady filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2018-02353.

6. On or about August 17, 2018, the EEOC issued and mailed a Notice of Right to Sue letter to Grady regarding the Charges of Discrimination brought by Grady.

7. Grady received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1)—which has been attached hereto as Plaintiff's Exhibit A.

8. Grady has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

9. Grady has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Grady is a former employee of Henkel.

16. Grady was hired by Henkel on or around January 8, 2016.

17. Grady was a Chemical Mixer for Henkel.

18. Grady is African-American

19. At the time Grady was terminated by Henkel, Grady was 51.

The Employee's Attorney.™



20. Grady was one of the oldest employees at Henkel.

21. Kokish, Grady's supervisor, regularly subjected Grady to harassment and unwanted comments concerning his age.

22. Grady took medication for high blood pressure which resulted in Grady's frequent use of the restroom.

23. Kokish would tell Grady, "I'm not old like you, I don't have to go to the bathroom."

24. Caucasian employees would take frequent smoke breaks.

25. Caucasian employees would take frequent bathroom breaks.

26. Caucasian employees would take breaks that last thirty (30) minutes or more.

27. Kokish would follow Grady around to track his movements.

28. Kokish did not follow younger employees to track their movements.

29. Kokish did not follow Caucasian employees around to track their movements.

30. Caucasian employees received no discipline for the multiple and extended breaks taken.

31. A Caucasian supervisor at Henkel made a mistake, resulting in the write-up of several African-American employees.

32. On or about July 3, 2018. Grady was asked to perform a task that would require Grady to rush from a ladder high at his station to another station ("Ladder Task").

33. The request for the Ladder Task made so that Grady could assist another employee.

34. The Ladder Task was unsafe.

35. Grady stated he would not perform the Ladder Task because it was unsafe.

36. Grady was terminated on or about July 3, 2018.

37. Caucasian employees were not required to perform dangerous tasks.

38. Caucasian employees were not disciplined when failing to perform tasks.

39. Caucasian employees were not terminated when failing to perform tasks.

The Employee's Attorney.™



40. Defendants reasons for terminating Grady were pretextual.

41. Defendant terminated Grady because of his race.

42. Defendants terminated Grady because of his age.

43. Prior to terminating Grady, Defendants did not give Grady a verbal warning for a disciplinary infraction or poor work performance.

44. Prior to terminating Grady, Defendants did not give Grady a written warning for a disciplinary infraction or poor work performance.

45. Prior to terminating Grady, Defendants did not give Grady a final written warning for a disciplinary infraction or poor work performance.

46. Prior to terminating Grady, Defendants did not give Grady a counseling for a disciplinary infraction or poor work performance.

47. Defendants terminated Grady with the intent to hire a Caucasian employee.

48. Defendants terminated Grady with the intent to hire a younger employee.

49. As a direct and proximate result of Defendants' conduct, Grady has suffered and will continue to suffer damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C.A § 2000e-2

### (Against Defendant Henkel Only)

50. Grady restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. Grady is African American.

52. Throughout his employment, Grady was fully competent to perform his essential job duties.

53. Defendant Henkel treated Grady differently than similarly-situated employees on the basis of Grady's race.



54. Defendant Henkel treated Grady differently than similarly-situated employees based on his race by following his movements.

55. Defendant Henkel treated Grady differently by disciplining him for conduct, Caucasian employees were not terminated for.

56. Defendant Henkel treated Grady differently than similarly-situated employees based on his race by terminating him for conduct for which a Caucasian employee would not be terminated for.

57. Defendant Henkel let Caucasian employees take longer, unmonitored breaks.

58. Defendant Henkel monitored the movements of Grady, and other African-American employees.

59. Defendant Henkel terminated Grady because of his race.

60. Defendant Henkel's conduct was in violation of 42 U.S.C.A. §2000e-2 by discriminating against, harassing, and terminating Grady based on his race.

61. Defendant Henkel's conduct was in violation of 42 U.S.C.A. §2000e-2 when Henkel treated Grady differently by disciplining him for conduct, Caucasian employees were not terminated for.

62. Defendant Henkel's conduct was in violation of 42 U.S.C.A. §2000e-2 when Henkel treated Grady differently than similarly-situated employees based on his race by following his movements

63. Defendant Henkel's conduct was in violation of 42 U.S.C.A. §2000e-2 when Henkel treated Grady differently than similarly-situated employees based on his race by terminating him for conduct for which a Caucasian employee would not be terminated for.

64. As a direct and proximate cause of the Defendant Henkel's wrongful conduct, Grady has suffered and will continue to suffer damages.

The Employee's Attorney.™



## COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ.*

### (Against All Defendants)

65. Grady restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Defendants are a qualified employer under R.C. § 4112.01 *et seq.*

67. Grady is a qualified employee under the R.C. § 4112.01 *et seq.*

68. Grady is African American.

69. Throughout his employment, Grady was fully competent to perform his essential job duties.

70. Defendants treated Grady differently than similarly-situated employees on the basis of Grady's race.

71. Defendants treated Grady differently than similarly-situated employees based on his race by following his movements.

72. Defendants treated Grady differently by disciplining him for conduct, Caucasian employees were not terminated for.

73. Defendants treated Grady differently than similarly-situated employees based on his race by terminating him for conduct for which a Caucasian employee would not be terminated for.

74. Defendants let Caucasian employees take longer, unmonitored breaks.

75. Defendants monitored the movements of Grady, and other African-American employees.

76. Defendants terminated Grady because of his race.

77. Defendants conduct was in violation of Ohio Revised Code § 4112.02(A) *et seq.* by discriminating against, harassing, and terminating Grady based on his race.

78. Defendants conduct was in violation of Ohio Revised Code § 4112.02(A) *et seq.* when Henkel treated Grady differently by disciplining him for conduct, Caucasian employees were not terminated for.

The Employee's Attorney.™



79. Defendants conduct was in violation of Ohio Revised Code § 4112.02(A) *et seq.* when Henkel treated Grady differently than similarly-situated employees based on his race by following his movements

80. Defendants conduct was in violation of Ohio Revised Code § 4112.02(A) *et seq.* when Henkel treated Grady differently than similarly-situated employees based on his race by terminating him for conduct for which a Caucasian employee would not be terminated for.

81. As a direct and proximate cause of the Defendants' wrongful conduct, Grady has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C §621 *ET SEQ.*

### (Against Defendant Henkel Only)

82. Grady restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. At all times relevant, Grady was a member of a statutorily protected class under the Age Discrimination Act ("ADEA") 29 U.S.C. §631 *et seq.*

84. Grady is fifty-one (51) years old.

85. Defendant Henkel treated Grady differently from other similarly situated employees based on his age.

86. Grady was fully qualified for his position with the Defendant Henkel.

87. While employed by Defendant Henkel, Grady subjected to discriminatory and harassing comments based on his age.

88. Grady took medication which required him to use the bathroom.

89. Kukish told Grady, "I'm not old like you, I don't have to go to the bathroom."

The Employee's Attorney.™



90. Upon information and belief, the Grady's position was filled by a person outside of Grady's protected class under 29 U.S.C. §623 *et. seq.*

91. 29 U.S.C. §623 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of that employee's age.

92. Defendant Henkel violated 29 U.S.C. §623 *et seq.* by discriminating against, harssing, and terminating Grady based on his age.

93. As a direct and proximate cause of the Defendants' wrongful conduct, Cameron has suffered and will continue to suffer damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ.*

### (Against All Defendants)

94. Grady restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Defendants are a qualified employer under R.C. § 4112.01 *et seq.*

96. Grady is a qualified employee under the R.C. § 4112.01 *et seq.*

97. Grady is fifty-one (51) years old.

98. Defendants treated Grady differently from other similarly situated employees based on his age.

99. Grady was fully qualified for his position with the Defendants.

100. While employed by Defendants, Grady subjected to discriminatory and harassing comments based on his age.

101. Grady took medication which required him to use the bathroom.

102. Kukish told Grady, "I'm not old like you, I don't have to go to the bathroom."

103. Defendants terminated Grady on or about July 3, 2018.

104. Defendants terminated Grady because of his age.

The Employee's Attorney.™



105.    Grady, at age 51, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from his employment with Defendants.

106.    Upon information and belief, Defendants replaced Grady with a person or persons outside of Grady's statutorily-protected class under R.C. § 4112.14(B) and/or significantly younger than Grady.

107.    Defendants violated 4112.02 and R.C. § 4112.99 by discriminating against, harassing, and terminating Grady based on his age.

108.    As a direct and proximate cause of Defendants' conduct, Grady suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Lashon Grady demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Grady to one of the positions to which he was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendants of compensatory and monetary damages to compensate Defendants for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendants in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Grady's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

The Employee's Attorney.™



Respectfully submitted,


/s/Corinne A. Huntley
Barry R. Murner (0069195)
Corinne A. Huntley (0096865)
**THE SPITZ LAW FIRM, LLC**
Water Tower Plaza
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  corinne.huntley@spitzlawfirm.com
        barry.murner@spitzlawfirm.com

*Attorneys for Plaintiff Lashon Grady*


## JURY DEMAND

Plaintiff Lashon Grady demands a trial by jury by the maximum number of jurors permitted.


/s/Corinne A. Huntley
Corinne A. Huntley (0096865)

The Employee's Attorney.™

